**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne C. Arnett, ) | No. CV 11-2569-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| USAA Casualty Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Plaintiff Wayne C. Arnett's Motion to Remand to Superior Court. Doc. 7. The Court now rules on the motion.

**I.   BACKGROUND**[1]

On August 17, 2009, Plaintiff's 1998 Volvo automobile was severely damaged in a collision. Doc. 1-1 at 3. At the time of the collision, Plaintiff was insured by USAA Casualty Insurance Company ("USAA CIC"). *Id.* The parties agreed that the vehicle was a total loss. *Id.* at 4. The dispute in this case arises from the parties' disagreement regarding the valuation of the damaged vehicle. *Id.* at 4–7.

Plaintiff, an Arizona citizen, brought suit in the Maricopa County Superior Court ("Superior Court") against United Services Automobile Association ("USAA"), and USAA CIC, which is a wholly-owned subsidiary of USAA. *Id.* at 1. USAA is a "reciprocal inter-

---

[1] For the purpose of this Motion to Remand, the Court sets out the facts as alleged in Plaintiff's Complaint.

1 insurance exchange with members who are residents of Arizona." *Id.* at 3; Doc. 1 at 2.
2 USAA CIC is a "Texas corporation with its principal place of business in San Antonio,
3 Texas." Doc. 1 at 2. Plaintiff's Complaint did not specify a dollar amount of damages;
4 rather, Plaintiff sought contract damages, general damages, punitive damages, attorneys'
5 fees, and costs. Doc. 1-1 at 10. There is no dispute that, at the time Plaintiff filed suit, there
6 was not complete diversity given that Plaintiff and Defendant USAA are both citizens of
7 Arizona. *Id.* at 2.

8 During the course of the state-court litigation, USAA filed a Motion to Dismiss. Doc.
9 1-2 at 21. Plaintiff opposed the motion. Doc. 1-2 at 29. In a minute entry dated December
10 16, 2011, Judge Ditsworth of the Superior Court granted USAA's Motion to Dismiss, leaving
11 USAA CIC as the only remaining defendant. Doc. 1-4 at 56. With the only non-diverse
12 defendant dismissed, USAA CIC removed the case to federal court pursuant to 28 U.S.C. §
13 1441(b), alleging that the action is removable "because it is a civil action between parties
14 with complete diversity of citizenship and Plaintiff seeks damages which exceed the
15 jurisdictional minimum of $75,000" under 28 U.S.C. § 1332. Doc. 1 at 1.

16 Plaintiff opposes removal and has filed the instant motion, seeking remand to state
17 court. Doc. 7. The issue has been fully briefed, and neither party has requested oral
18 argument. For the reasons stated below, the Court will grant the motion.

19 **II.    LEGAL STANDARD**

20 Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all
21 civil actions where the matter in controversy exceeds the sum or value of $75,000,
22 exclusive of interests and costs, and is between . . . citizens of different States."
23 28 U.S.C. § 1332(a)(1) (2006).

24 The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil action
25 brought in a State court of which the district courts of the United States have original
26 jurisdiction, may be removed by the defendant . . . to the district court of the United States
27 for the district and division embracing the place where such action is pending." 28 U.S.C.
28 § 1441(a) (2006). Courts strictly construe the removal statute against removal jurisdiction.

*See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). Thus, a defendant's burden when removing under § 1332 is to show that there is complete diversity and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

**III.    ANALYSIS**

Plaintiff presents three arguments for why removal was improper: (1) there is not complete diversity because Plaintiff did not voluntarily dismiss USAA; (2) removal was premature because the state court never entered a formal written judgment dismissing USAA; and (3) USAA CIC has failed to sufficiently demonstrate that the amount in controversy exceeds $75,000.[2] Doc. 7. Because the Court finds that there is not complete diversity, the Court need not reach Plaintiff's other arguments.

**A.    Complete Diversity, the Voluntary-Involuntary Rule, and the Fraudulent Joinder Exception**

Plaintiff argues that removal is improper because there was not complete diversity at the time the suit was filed. Even though there is now complete diversity between USAA CIC and Plaintiff, Plaintiff argues that removal is not appropriate if the Court applies the voluntary-involuntary rule. In response, USAA CIC argues that Plaintiff fraudulently joined USAA as a way to defeat diversity, and that the fraudulent joinder exception makes removal

---

[2] Plaintiff's reply also raises the new argument that removal was not timely. Doc. 15 at 3. The Court does not consider arguments first raised in the reply because it denies the Court the benefit of full briefing. *Sogeti USA LLC v. Scariano*, 606 F. Supp. 2d. 1080, 1086 (D. Ariz. 2009). Furthermore, the minute entry dismissing USAA is dated December 16, 2011, and USAA CIC removed on December 27, 2011. Without the benefit of full briefing, the Court is unsure whether this fact renders USAA CIC's removal timely, and it would be unjust to find in Plaintiff's favor on this new argument without providing USAA CIC a chance to respond to it. Thus, the Court will not address Plaintiff's timeliness argument.

1   in this case appropriate.

2   The voluntary-involuntary rule is an exception to the general rule that when a case is
3   removed pursuant to § 1332, "diversity must exist both when the state [action] is filed and
4   when the petition for removal is filed." *Ryan v. Schneider Nat'l Carriers*, 263 F.3d 816, 819
5   (8th Cir. 2001) (citations omitted); *see also Dole Food Co. v. Patrickson*, 538 U.S. 468, 478
6   (2003) ("It is well settled . . . that federal-diversity jurisdiction depends on the citizenship of
7   the parties at the time the suit is filed.") (citation omitted). "[T]he 'voluntary-involuntary'
8   rule . . . requires that a suit remain in state court unless a [plaintiff's] 'voluntary' act . . .
9   brings about a change that renders the case removable." *Self v. Gen. Motors Corp.*, 588 F.2d
10  655, 657 (9th Cir. 1978).

11  USAA CIC does not disagree with the application of the voluntary-involuntary rule
12  in this case. Rather, USAA CIC relies on an exception to the voluntary-involuntary rule that
13  exists when a plaintiff fraudulently joins a defendant. The term "fraudulent joinder" does
14  not necessarily mean that a party acts nefariously; rather, it "is a 'term of art.'" *Morris v.*
15  *Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. Gen. Foods*
16  *Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). "Joinder of a non-diverse defendant is deemed
17  fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining
18  diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the
19  failure is obvious according to the settled rules of the state." *Id.* (citation omitted) (internal
20  quotation marks omitted). Thus, there are two elements to a finding of fraudulent joinder:
21  (1) a plaintiff fails to state a cause of action against the defendant; and (2) the failure is
22  obvious under the settled rules of the state.

23  In *Morris*, the Ninth Circuit Court of Appeals found that a plaintiff had fraudulently
24  joined a defendant. *Id.* at 1068. There, a Texas plaintiff sued a Texas travel agency and a
25  non-Texas cruise line in a Texas state court regarding events that happened on a cruise. *Id.*
26  at 1064.   The   claim   against   the   non-diverse   travel   agency   was   for   negligent
27  misrepresentation; the plaintiff claimed that the travel agency made misrepresentations about
28  the care and safety the cruise line provided. *Id.* at 1067. The defendants removed to a Texas

federal court under § 1332 diversity jurisdiction, and the plaintiff filed a Motion to Remand, arguing that the travel agency's presence in the suit made removal inappropriate for lack of complete diversity. *Id.* at 1066–67. The district court in Texas denied the plaintiff's Motion to Remand, finding that the travel agency was fraudulently joined, and the case was then transferred to a California district court pursuant to a forum selection clause. *Id.* The district court in California dismissed the travel agency and granted the remaining defendant's Motion for Summary Judgment on all of the plaintiff's claims. *Id.* at 1067. The plaintiff subsequently appealed to the Ninth Circuit. *Id.*

In determining whether the federal courts had removal jurisdiction, the Ninth Circuit reviewed the law in Texas regarding negligent misrepresentation, and considered an affidavit of the plaintiff. *Id.* at 1067–68. The plaintiff had admitted in her affidavit that she never discussed the care or safety of the cruise line with the travel agency, which was the underlying basis of her negligent misrepresentation claim. *Id.* at 1068. Because of this admission, the Ninth Circuit found that it was "abundantly obvious that [the plaintiff] could not possibly prevail on her negligent misrepresentation claim" against the non-diverse travel agency. *Id.* Consequently, the Ninth Circuit found that the plaintiff had fraudulently joined the non-diverse travel agency because the plaintiff both failed to state a claim against the travel agency, and the failure was obvious under the settled rules of Texas negligent misrepresentation law. *See id.* Thus, the Ninth Circuit held that removal was proper and that the district court correctly ignored the travel agency's joinder as a defendant when determining jurisdiction. *Id.*

Here, there is no question that the Superior Court has ruled that Plaintiff failed to state a claim against USAA—the non-diverse defendant. The only remaining question is whether that failure was obvious according to the settled rules of Arizona law. USAA CIC argues that because the state court granted its Motion to Dismiss, it has met its burden in proving fraudulent joinder. Doc. 13 at 4. USAA CIC concludes that a finding of a failure to state a claim under Rule 12(b)(6) means that "as a matter of law, . . . there was no possibility Plaintiff could state a valid cause of action against USAA." *Id.* This is only partially correct.

1  While true that failure to state a claim under Rule 12(b)(6) means that a plaintiff could not
2  possibly state a cause of action against a defendant, in the context of fraudulent joinder, such
3  a finding is only half the battle: the failure must also be obvious under settled rules of
4  Arizona law. Thus, Plaintiff is correct that the Court must look at Plaintiff's claims against
5  USAA and determine whether the failure to state a claim was obvious under Arizona law.

6  The Court need not look at every claim contained in the Complaint. So long as the
7  failure to state one of the claims was not obvious under Arizona law, USAA was not
8  fraudulently joined. Plaintiff argues that his claim that USAA aided and abetted USAA CIC
9  in breaching the parties' insurance contract is evidence that USAA was not fraudulently
10 joined because USAA conceded in its Motion to Dismiss that Arizona law was unsettled on
11 the aiding and abetting claim. Doc. 15 at 4. Under Arizona law, a prima facie case of aiding
12 and abetting includes three elements: "(1) the primary tortfeasor must commit a tort that
13 causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's
14 conduct constitutes a breach of duty; and (3) the defendant must substantially assist or
15 encourage the primary tortfeasor in the achievement of the breach." *Wells Fargo Bank v.*
16 *Ariz. Laborers, Teamsters, and Cement Masons Local No. 395 Pension Trust Fund*, 38 P.2d
17 12, 23 (Ariz. 2002) (citation omitted).

18 In its Superior Court Motion to Dismiss, USAA correctly stated that when analyzing
19 a claim of aiding and abetting, the relationship between the primary tortfeasor (here USAA
20 CIC) and the defendant allegedly aiding and abetting the primary tortfeasor (here USAA)
21 must be considered. Doc. 1-2 at 24 (citing Restatement (Second) of Torts § 876(b) cmt. d
22 (1979)). USAA's motion goes on to note that "Arizona has not directly addressed the issue"
23 of whether the relationship between the primary tortfeasor and the defendant allegedly aiding
24 and abetting must be "disparate and unrelated." *Id.* Thus, Plaintiff's joining USAA cannot
25 be fraudulent, because the law in Arizona is not well-settled such that Plaintiff should have
26 known he had no claim against USAA. *See Hunter v. Phillip Morris USA*, 582 F.3d 1039,
27 1046 (9th Cir. 2009) (quoting *Tillman v. R.J. Reynold Tobacco*, 340 F.3d 1277, 1279 (11th
28 Cir. 2003)) ("'[I]f there is a possibility that a state court [could] find that the complaint states

a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court.'").[3]

Because Plaintiff did not voluntarily dismiss USAA, and because USAA CIC has failed to meet its burden in showing fraudulent joinder, this case must be remanded due to lack of complete diversity under § 1332.

**IV.   CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Remand to Superior Court (Doc. 7) is **GRANTED**.  The Clerk of the Court shall remand this action to Maricopa County Superior Court.

DATED this 22nd day of March, 2012.

James A. Teilborg
United States District Judge

---

[3] USAA CIC cites several cases in which plaintiffs were found to have fraudulently joined USAA when suing USAA Life, which is also a separate insuring entity like USAA CIC. Doc. 13 at 5. Plaintiff argues that those cases are easily distinguishable from this case. The Court agrees.  The first case, *Salkin*, involved a plaintiff who joined USAA on a theory that USAA was either the same entity as USAA Life, or that USAA Life was an alter ego of USAA, or that USAA Life was the agent-in-fact of USAA. *Salkin v. United Serv. Auto. Ass'n*, 767 F. Supp. 2d. 1062, 1065 (C.D. Cal. 2011).  The court found that, under well settled principles of California law, it was obvious that all of the plaintiff's theories were untenable. *Id.* at 1068–69. Here, Plaintiff acknowledged that USAA and USAA CIC are separate entities, and alleged that USAA aided and abetted USAA CIC. As discussed above, it was unclear under Arizona law whether Plaintiff could prevail on such a claim.  The second case that USAA CIC cites, *Keszenheimer*, is similarly distinguishable. *See Keszenheimer v. United Serv. Auto. Ass'n*, 78 F. App'x 333, 334, 2003 WL 22348923, at *1 (5th Cir. 2003) (finding that the plaintiff fraudulently joined USAA to its claim against USAA Life where the plaintiff only joined USAA because the plaintiff alleged that the companies were "inextricably intertwined and interested entities").