**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne C. Arnett, a married man,  )<br>  )<br>            Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>  )<br>USAA Casualty Insurance Company, a  )<br>corporation,  )<br>  )<br>            Defendant.  )<br>_____ ) | No. CV 11-02569-PHX-JAT<br><br>**ORDER** |

   Pending before the Court is Plaintiff Wayne C. Arnett's Petition for Attorney's Fees (Doc. 19). The Court now rules on the Motion.

**I. BACKGROUND**

   Plaintiff, an Arizona citizen, initiated this action in Maricopa County Superior Court ("Superior Court") against Defendant United Services Automobile Association ("USAA"), and USAA CIC due to the parties' disagreement regarding the valuation of damages to Plaintiff's vehicle following an August 17, 2009 collision. Doc. 1-1 at 4–7. During the course of the state-court litigation, the Superior Court granted USAA's Motion to Dismiss, leaving USAA CIC as the only remaining defendant. Doc. 1-4 at 56. USAA CIC then removed to federal court pursuant to 28 U.S.C. § 1441(b), alleging that the action was removable "because it is a civil action between parties with complete diversity of citizenship and Plaintiff seeks damages which exceed the jurisdictional minimum of $75,000" under 28 U.S.C. § 1332. Doc. 1 at 1. Plaintiff subsequently filed a motion to remand this case to

Superior Court on January 13, 2012. Doc. 7. This Court granted the motion, and remanded the case to Superior Court on March 23, 2012. Doc. 18.

On April 4, 2012, Plaintiff filed a motion for an award of costs and attorney's fees incurred as a result of Defendant's improper removal. Doc. 19.

## II.     AWARD OF ATTORNEY'S FEES

### A.     28 U.S.C. § 1447(c)

Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

### B.     Legal Standard

A district court retains jurisdiction to award attorney's fees permitted under 28 U.S.C. § 1447(c) even after the district court remands the case to state court. *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 at 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending."). Generally, "[a]bsent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. Conversely, where no objectively reasonable basis exists, fees should be awarded." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). Under *Martin*, the Supreme Court's test "for awarding fees under § 1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter." *Id.* at 133.

When the relevant case law clearly forecloses the defendant's basis of removal, removal is not objectively reasonable. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066–67 (9th Cir. 2006) (citing *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793–94 (7th Cir.2007)). While the "objectively reasonable" standard was left undefined by the Supreme Court in *Martin*, the Ninth Circuit Court of Appeals has held that removal is not objectively reasonable when the petition for removal is unsupported by the relevant statutory or case law.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see also Wolf v. Kennelly,* 574 F.3d 406, 412 (7th Cir. 2009) ("[I]f clearly established law [does] not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.") (internal citations omitted). Furthermore, "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier*, 518 F.3d at 1065.

### C. Discussion

Here, Plaintiff contends that Defendant lacked an objectively reasonable basis for removal to federal court and requests the award of attorney's fees. Specifically, Plaintiff highlights the remand to Superior Court due to Defendant's failure to state a claim of fraudulent joinder as evidence that Defendant lacked a reasonable basis to remove. Doc. 21 at 4. But "whether a removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)." *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007). The operative question, rather, is whether the removal was reasonable. *See Martin*, 546 U.S. at 133.

Although Defendant still believes that the law in Arizona is clear that "Plaintiff could not bring a claim of aiding and abetting against USAA on the facts asserted in the Complaint," (Doc. 20 at 3–4), this Court's previous holding that the relevant "law in Arizona is not well-settled" contradicts the claim that existing state law clearly foreclosed Defendant's basis of removal. Unsettled state law also supports a finding that a reasonable litigant in Defendant's position could have concluded that federal court was a proper forum for litigation. Furthermore, consistent with *Martin*'s general rule that fees should be denied when an objectively reasonable basis for removal exists, nothing in the record suggests that Defendant removed to federal court for an improper purpose, such as imposing costs on Plaintiff or prolonging litigation.

As a result, while neither party disputes the reasonableness of Plaintiff's hourly rate or total number of hours expended on issues related to federal court and remand, the fact that this Court granted Plaintiff's motion for remand to state court due to a lack of complete

- 3 -

1  diversity does not make Defendant's initial removal objectively unreasonable. Nor is this
2  Court prepared to find that there was no basis for Defendant's removal such that attorney's
3  fees should be awarded.

4  **III.    CONCLUSION**

5  Evaluated in light of *Martin*, this Court finds that Defendant had an objectively
6  reasonable basis for removing to federal court. It is therefore unnecessary to address the issue
7  of whether Plaintiff has demonstrated a genuine financial obligation to pay attorney's fees.
8  Accordingly,
9  **IT IS ORDERED** that Plaintiff's Petition for Attorney's Fees (Doc 19) is denied.
10  DATED this 18th day of June, 2012.

James A. Teilborg
United States District Judge